**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LATOYA THOMPSON,<br><br>                    Plaintiff,<br>vs.<br><br>LIBERTY MUTUAL INSURANCE,<br><br>                    Defendant. | Hon. Madeline Cox Arleo, U.S.D.J.<br><br>Civ. Action No. 2:18-cv-06092-MCA-JAD |

_____

**PLAINTIFF LAYTOYA THOMPSON'S LEGAL BRIEF**
**IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

_____

BRIAN M. CIGE, ESQ.
Attorney ID: 015671984
LAW OFFICES OF BRIAN M. CIGE
7 East High Street
Somerville, New Jersey  08876
Telephone: (908) 685-3775
Facsimile:  (908) 685-2274
*Attorney for Plaintiff*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..………………………………………………………… i

PRELIMINARY STATEMENT .……………………………………………………... 1

STATEMENT OF FACTS.…………………………………………………………..… 1

LEGAL ARGUMENT ……………………………………………………………....… 1

      A.  STANDARD FOR SUMMARY JUDGMENT NOT MET.…………...… 3

      B.  PLAINTIFF SUFFERED FROM A DISABILITY, DEFENDANT
          ACTED BASED ON THAT OR ITS PERCEPTION OF ONE, IN
          VIOLATION OF N.J.S.A 10:5-12 and N.J.S.A. 10:5-4.1………..……… 4

      C.  DISPARATE TREATMENT OR IMPACT DISCRIMINATION……….. 7

      D.  DEFENDANT ENGAGED IN DUAL MOTIVE DISCRIMINATION..…. 7

      E.  DEFENDANT'S      FAILURE    TO   ENGAGE   IN   THE
          INTERACTVE PROCESS REQUIRED BY THE NJLAD IS A
          PER SE VIOLATION OF THAT STATUTE ……………………………. 8

      F.  DEFENDANT ENGAGED IN RETALIATION IN VIOLATION
          OF N.J.S.A. 10:5-12(d)……………………………..………………… 8

CONCLUSION .………………………………..……………………………………. 9

## TABLE OF AUTHORITIES

**CASE**                                                                           **Page**

*Andersen v. Exxon Co.*,
    89 N.J. 483 (1982) …………………………………………………… 5,7

*Brill v. Guardian Life Ins. Co. of America*,
    142 N.J. 520 (1995)…………………………………………………… 3

*Clowes v. Terminix Int'l., Inc.*,
    109 N.J. 575 (1988) ………………………………………………….. 5,7

*Failla v. City of Passaic*,
    146 F.3d 149 (3d Cir. 1988)………………………………………………. 5

*Gimello v. Agency Rent-A-Car Systems, Inc.*,
    250 N.J. Super. 338 (App. Div. 1991)………………………………………... 5

*Grigoletti v. Ortho  Pharmaceutical Com.*,
    118 N.J. 89 (1990)……………………………………………………... 5

*Jansen v. Food Circus Supermarkets. Inc.*,
    110 N.J. 363 (1988)……………………………………………………  5,7

*Judson v. People's Bank and Trust Company of Westfield*,
    17 N.J. 67 (1954)…………………………………………………… 3

*Maher v. New Jersey Transit Rail Operations, Inc.*,
    125 N.J. 455 (1991)………………………………………………….. 7

*McDonnell Douglas Corp. v. Green*,
    411 U.S. 792 (1973)…………………………………………………  2

*Rogers v. Campbell Foundery Co.*,
    185 NJ. Super. 109 (App. Div. 1982), cert. denied, 91 N.J. 529 (1982)… 5

*Panettieri v. C.V. Hill Refrigeration*,
    159 N.J. Super. 473 (App. Div. 1978)…………………………………… 7

*Peper v. Princeton Univ. Bd. Of Trustees*,
    77 N.J. 55 (1978)……………………………………………..……….. 7

*Price Waterhouse v. Hopkins*,
    490 U.S. 228 (1989) …………………..…………………………… 7

**CASES**                                                                 **Page**

*Taylor v. Phoenxville School Dist.*
       184 F.3d 296 (3d Cir. 1999) ……………………………………………..….   8

*Victor v. State*,
       203 N.J. 383 (2010) ……………………………………………….…..………..   2


**FEDERAL STATUTES**                               **Page**

FEDERAL PREGNANCY DISCRIMINATION ACT OF 1978…………………….…   6


**STATE STATUTES**                                     **Page**

N.J.S.A. 10:4-1………………………………………………..…………………   5

N.J.S.A. 10:5-3………………………………………………..…………………   5

N.J.S.A. 10:5-4.1………………………………………………..……………..…   5

N .J.S.A. 10:5-12………………………………………………….………………   5

N .J.S.A. 10:5-12(d)…………………………………..…………………………..   8


**NEW JERSEY ADMINISTRATIVE CODE**                        **Page**

N.J. ADMIN. CODE N.J.A.C. 13:13-1.3(1)…………………….………………………   5


**FEDERAL COURT RULES**                                 **Page**

RULE 56.1 …………………………………………………………………………   1


**STATE COURT RULES**                                **Page**

RULE 4:46-2(c)……………………………………………………………….…   4

**PRELIMINARY STATEMENT**

Plaintiff files State Law claims, removed to Federal court due to diversity, alleging illegal discrimination, harassment and hostile work environment, and illegal retaliation consequent to complaints about same, in the form of adverse performance evaluations, discipline and, eventually, the termination of her employment.  Like most similar cases, they are highly fact sensitive and, in this case as others, Plaintiff does not agree that the "facts" are as Defendant presents them.  Understandably, Defendant would like to avoid a trial and so now files its dispositive Motion at the conclusion of discovery.  Its argument for relief rests on the usual recitation of the standard for Summary Judgment (its Point I); its assertion that Plaintiff's disability discrimination claims must be dismissed (its Point II); that Defendant did not discriminate against Plaintiff because of her pregnancy (its Point III); and, that Defendant did not illegally retaliate against Plaintiff (its Point IV).  Plaintiff disagrees and believes that in the record there are genuine issues of material fact which require findings.

**STATEMENT OF FACTS**

Plaintiff incorporates by reference her responses to Plaintiff's [alleged] Undisputed Material Facts and her Supplemental Statement of Material Facts pursuant to R. 56.1.

**LEGAL ARGUMENT**

Genuine issues of material fact which preclude granting the relief sought by Defendant include, but are not limited to: why Defendant gave her bad performance evaluations and disciplined Plaintiff for being out on disability / medical leave of absences, work having accumulated in her absence, for the decision to terminate Plaintiff's employment, more than

1

once whether the decisions to do so were motivated by her disability or retaliation, for her complaints about discrimination, or whether the failure to accommodate her disability, by failing to engage in the required interactive process, evidences discrimination by Defendant. An employee with a minor disciplinary record, as was Plaintiff, would reasonably expect to be given an opportunity to continue her employment as she had before.

While it is correct that it is Plaintiff's burden to establish the elements of a prima facie case pursuant to Victor v. State, 203 N.J. 383 (2010), at this stage of the proceedings the burden shifts to Defendant, consistent with McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). As someone disabled, Plaintiff was in a protected class.  But for her temporary disability by injury or pregnancy, she was otherwise qualified and performed the essential functions of her job for years.  Whether she was illegally terminated in retaliation for her complaining about illegal treatment, as set forth in Plaintiff's Supplemental Statement of Material Facts, as set forth in her formal complaints dated 16 January 2014 (Exhibit G) and 25 January 2016 (Exhibit K), in her rebuttal to unfair Performance Evaluations because of her disabilities dated 18 August 2014 (Exhibit F), and her filing complaints with the EEOC dated 9 May 2016 (Exhibit J) and 25 May 2017 (Exhibit N),  is at the heart of the material factual disputes in this case.

Defendant was aware of Plaintiff's disabilities and pregnancy.  Whether Plaintiff, who had begun her disability / maternity leave when Defendant illegally fired her, was entitled to a reasonable accommodation from it is a genuine issue of material fact. Whether a lack of communication between Defendant and Plaintiff, if any, led to the termination of Plaintiff's employment was intentional or negligent, is a genuine issue of material fact. Curiously, Defendant seems to put all the responsibility for its termination on Plaintiff, accepting no responsibility for not accommodating her while disabled or on leave, regarding the status of her pregnancy, inconsistent with its own policy.

2

## A. STANDARD FOR SUMMARY JUDGMENT NOT MET

The New Jersey Supreme Court, in <u>Brill v. Guardian Life Ins. Co. of America,</u> 142 N.J. 520 (1995) re-examined the summary motion procedure for State NJLAD claims, and directed that trial courts should not hesitate to grant summary judgment when the evidence is "so one-sided that one party must prevail as a matter of law." <u>Id</u>. 540. It is respectfully submitted that the evidence in the within matter dictates that Plaintiff, Latoya Thomspon, must prevail and summary judgment should not be granted.

The <u>Brill</u> decision, following <u>Judson v. People's Bank and Trust Company of Westfield</u>, 17 N.J. 67 (1954), held that ". . . a court should deny a Summary Judgment motion only where the party opposing the motion has come forward with evidence that creates a 'genuine issue as to any material fact challenged'. That means a non-moving party cannot defeat a Motion for summary judgment by pointing to <u>any</u> fact in dispute." Id. 529.

In order for summary judgment to be defeated, the party opposing the Motion must point to disputed issue; fact that are of a substantial nature. "While those that are 'of an insubstantial nature' do not, 'genuine' issues of material fact preclude the granting of summary judgment." Id. 529-530

The Court held:

> "Under this new standard, a determination whether there exists a 'genuine issue' of material fact that precludes summary judgment requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party. The 'judge's function is not himself [or herself] to weigh the evidence and determine the truth for trial .... Credibility determinations will continue to be made by a jury and not a judge. If there exists a single unavoidable resolution of the

3

alleged disputed issue of fact, that issue should be considered insufficient to constitute a 'genuine' issue of material fact for purpose of Rule 4:46-2."   Id. 540.

The New Jersey Supreme Court amended the summary judgment rule, effective 1 September 1996, to conform to the Brill opinion. In pertinent part, Rule 4:46-2(c) now provides:  "An issue of fact is genuine if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission to the trier of fact." The Federal Rules follows similarly.

As detailed in the response to Defendant's Statement of [Alleged] Undisputed Material Facts and Plaintiff's Supplemental Statement of Disputed Material Facts, referencing the deposition testimony Plaintiff, of Defendant's HR Manager, Mr. Polk, and Mary Ellen DeBellis who effected the termination of her employment, there are several.  While Plaintiff would argue that Defendant's defenses are insufficient as a matter of law, is wrong as a matter of law, for the purposes of this Motion, Plaintiff avers that there are at least genuine issues of material fact as to whether Defendant violated the NJLAD, which preclude granting the relief sought.

### B.  PLAINTIFF SUFFERED FROM A DISABILITY,  DEFENDANT ACTED BASED ON THAT OR ITS PERCEPTION OF ONE, IN VIOLATION OF  N.J.S.A. 10:5-12 and N.J.S.A.10:5-4. 1

More so than most claims, those involving allegations that the New Jersey Law Against Discrimination have been violated are entitled to significant scrutiny before granting a summary disposition such  as  is  now  requested by Defendants. The LAD is construed in combination

with other New Jersey laws to maximize the protections afforded victims of discrimination. N.J.S.A. 10:5-3; Grigoletti v. Ortho Pharmaceutical Com., 118 N.J. 89 (1990); Clowes v. Terminix Int'l Inc., 109 N.J. 575 (1988). The right to this protection is clearly set forth in NJSA 10:4-1 and NJSA 10:5-12, in the employment setting. The NJLAD not only protects individuals seeking employment but those already employed. N.J.S.A. 10:5-12, -3, -4.1. The LAD prohibits unlawful discrimination by employers, which includes supervisory employees actively involved in the conduct complained of. Andersen v. Exxon Co., 89 N.J. 483 (1982) (personnel manager, '[a]s the individual directly responsible for refusing complainant employment... was a direct, active participant in the discrimination").

The NJLAD was made applicable to the physically handicapped in 1972 and to non-physically handicapped persons in 1978. See N.J.S.A. 10:5-4.l and its annotations. Discrimination is only legal to the extent a handicap reasonably precludes or impedes the adequate and safe performance of particular employment. Jansen v. Food Circus Supermarkets, Inc., 110 N.J. 363 (1988). This prohibition is extended to persons perceived or believed to be suffering from handicaps whether or not the medical condition from which they suffered in fact handicapped them. N.J.A.C. 13:13-1.3(1); Andersen, supra; Rogers v. Campbell Foundery Co., 185 NJ. Super. 109, (App. Div. 1982), cert. denied, 91 N.J. 529 (1982); Gimello v. Agency Rent-A-Car Systems, Inc., 250 N.J. Super. 338 (App. Div. 1991).

In our case the facts presented confirm that Plaintiff's condition was disabling to her. The term "handicapped' is broadly construed and is not limited to "severe" or "immutable" disabilities. Clowe, supra; Andersen, supra; Gimello, supra. Unlike the ADA, the NJLAD does not require that handicaps limit a major life activity to be protected. See Failla v. City of Passaic, 146, F.3d 149 (3d Cir. 1988) jury verdict finding plaintiff handicapped under NJLAD but not disabled under it.

Interestingly, Defendant cited to the unpublished Appellate Division decision of <u>Larsen v. Township of Branchburg</u>.  In fact, that was my case and it was dismissed before Trial, I believe in 2006.  As of 2007, there was no parallel to the Federal Pregnancy Discrimination Act of 1978 (Title VII of the Civil Rights Act of 1964).  Aggrieved clients then would file under the NJLAD alleging gender discrimination and/or disability discrimination, depending on the status of the pregnancy.  In the <u>Larsen</u> case, immediately on her advising her employer, a police department, she was pregnant, she was sidelined.  The fact that she was still able to fulfill all her job duties and responsibilities at that moment meant it didn't rise to a disability discrimination claim at that time.  The trial judge's conclusion that pregnancy in and of itself did not constitute a disability was hardly a revelation.  Regardless, on 17 January 2014, before this lawsuit was filed, the NJLAD was amended to explicitly include pregnancy as a protected class to assure that pregnant workers would not be treated less favorably than others.  Since then, the language of the statute reads as follows:

> It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination:
>
> a.  For an employer, because of the race, creed, color, national origin, ancestry, age, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, <u>pregnancy</u> or breastfeeding, sex, gender identity or expression, disability or atypical hereditary cellular or blood trait of any individual, or because of the liability for service in the Armed Forces of the United States or the nationality of any individual, or because of the refusal to submit to a genetic test or make available the results of a genetic test to an employer, to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment…

This case was filed after the amendment was in effect.

6

## C.   DISPARATE TREATMENT OR IMPACT DISCRIMINATION

The New Jersey Supreme Court has recognized two separate methods of proving discrimination under the LAD. They are by "disparate treatment" and "disparate impact". <u>Peper v. Princeton Univ. Bd. Of Trustees,</u> 77 N.J. 55 (1978).

Genuine issues of material fact also are implicated in an analysis of whether Defendant's adverse employment actions were the result of discriminatory motive as they are defined. <u>Price Waterhouse v. Hopkins</u>, 490 U.S. 228 (1989) (plurality opinion). The EEOC's interpretation of <u>Price Waterhouse</u> is set forth in EEOC, *Policy Guide on Recent Developments in Disparate Treatment Theory* (Mar. 7, 1991), reprinted in *8 Fair Employment Practices Manual* (BNA), pp. 405:6915-25 (Mar. 1991), and in *EEOC Compliance Manual* (BNA), pp. N:2119-34 (Apr. 1991).

## D.   DEFENDANT ENGAGED IN DUAL MOTIVE DISCRIMINATION

In this case, Defendant is asserting a legitimate - non-discriminatory - reason for terminating Plaintiff's employment. It has the burden of proof in the first instance. <u>Jansen,</u> supra; <u>Maher v. New Jersey Transit Rail Operations. Inc.,</u> 125 N.J. 455 (1991); <u>Clowes,</u> supra; <u>Panettieri v. C.V. Hill Refrigeration,</u> 159 N.J. Super. 473 (App. Div. 1978). What Plaintiff must establish is that Defendant was aware of his handicap at the time of the adverse employment action, and that he was qualified for the position. <u>Andersen,</u> supra. Clearly with the required inferences against Defendant as the moving party, an essential threshold at this stage of the proceedings, it has not and cannot establish conclusively that each challenged employment action was justified with no need for a determination by a jury.

7

The evidence presented by Plaintiff to support application of the Mixed Motives analysis must directly reflect a discriminatory or retaliatory animus on the part of a person involved in the decision making process. In these claims a jury can recognize, for example, that an employer has a legitimate interest in establishing and maintaining a firm policy but, at the same time, conclude through direct evidence that a termination of employment was motivated or taken in substantial part for an illegal, discriminatory reason.

## E.   DEFENDANT'S FAILURE TO ENGAGE IN THE INTERACTVE PROCESS REQUIRED BY THE NJLAD IS A PER SE VIOLATION OF THAT STATUTE

If a reasonable jury could conclude that Defendant did not participate in good faith in the required interactive process, then it violated the NJLAD. See Taylor v. Phoenxville School Dist., 184 F. 3d 296 (3d. Cir. 1999).

## F.   DEFENDANT ENGAGED IN RETALIATION IN VIOLATION OF N.J.S.A.10:5-12(d)

Defendant's conduct is violative of N.J.S.A. 10:5-12(d), specifically:

> For any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act.

This is precisely what Plaintiff alleges Defendant has done.

## **CONCLUSION**

For the reasons stated herein, Plaintiff raising genuine issues of material fact, and Defendant being unsuccessful in satisfying its high burden of proof at this stage of the proceedings, it is therefore not appropriate to grant Summary Judgment against Plaintiff and in favor or Defendant at this time.

Respectfully submitted,

LAW OFFICES OF BRIAN M. CIGE
*Attorney for Plaintiff*

Dated:   4 August 2020                        *Brian M. Cige, Esq.*

BRIAN M. CIGE, ESQ.