Page 1

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

LATOYA THOMPSON              :
                             :
                             :
          vs.                :
                             :
                             :
LIBERTY MUTUAL INSURANCE     : NO.
                             : 2:18-CV-06092-MCA-CLW

---

THURSDAY, JUNE 27, 2019

---

Oral Deposition of MARY ELLEN DEBELLIS, was taken at the law offices of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 1735 Market Street, Suite 3000, Philadelphia, Pennsylvania at 10:42 a.m., on the above date before Sheila Klos, Registered Court Reporter and Notary Public in the Commonwealth of Pennsylvania.

MAGNA LEGAL SERVICES
866-624-6221
www.MagnaLS.com



```
 1   APPEARANCES:
 2
     LAW OFFICES OF BRIAN CIGE
 3   BY:  BRIAN M. CIGE, ESQUIRE
     7 East High Street
 4   Somerville, New Jersey 08876
     908.685.3775
 5   Cigelaw@gmail.com
             Counsel for Plaintiff
 6
 7
     OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
 8   BY:  STEVEN J. LUCKNER, ESQUIRE
     1735 Market Street, Suite 3000
 9   Philadelphia, Pennsylvania 19103
     215.995.2800
10   Steve.luckner@ogletree.com
             Counsel for Defendant
11
12
13
14
15
16
17
18
19
20
21
22
23
24
```



Page 76

1  discrimination following formal complaints by
2  Latoya Thompson?
3          MR. LUCKNER:  Objection to the form.
4          THE WITNESS:  I don't believe I am
5      specifically aware of Michael Polk's
6      involvement in that investigation.
7  BY MR. CIGE:
8      Q   Did you ever become aware that he
9  conducted an investigation?
10     A   My recall has been and still is today,
11 that Michael Polk was definitely involved with
12 Latoya's allegations.  But to what extent of an
13 investigation, I don't think I can speak to that.
14     Q   Would you have wanted to know that the
15 people you were speaking to about the job
16 performance of Latoya Thompson such as Michelle
17 Skibinsky and Debra Holt, had been accused of
18 harassment and discrimination by Latoya Thompson
19 before you spoke to them about what was going to
20 happen with her job status?
21         MR. LUCKNER:  Objection to form.
22         THE WITNESS:  I don't believe when I
23     reviewed the recommendation for termination
24     and what was involved, I don't believe that I



Page 74

1      on written warning and probation.
2  BY MR. CIGE:
3      Q    And are you referring to previously as in
4  2014, or are you referring to previously in
5  written warning as in May 26th, 2016?
6      A    My recollection is that I was aware that
7  Latoya had prior performance matters.  But at the
8  time that I was making the evaluation, it was
9  based on her performance during the most current
10 written warning period and probation.
11     Q    At the time you were deciding, did you
12 review Latoya's entire personnel file?
13     A    I don't believe I did.
14     Q    At the time you were deciding, were you
15 aware that she had filed formal complaints of
16 harassment and discrimination against other
17 employees, including managers?
18          MR. LUCKNER:  Objection to form.
19          THE WITNESS:  Can you clarify the filing
20     that you are referring to?
21 BY MR. CIGE:
22     Q    I'll show you the document.  But Latoya
23 Thompson filed formal complaints of harassment and
24 discrimination including against Michelle



Page 75

1 Skibinsky. Were you aware that the person who had
2 given her a written warning and was speaking with
3 you about the termination of employment, was the
4 same individual that she had filed formal
5 complaints against?
6     MR. LUCKNER: Objection to form.
7     THE WITNESS: I believe that I was aware
8   of the filing, and that information was shared
9   through counsel.
10 BY MR. CIGE:
11   Q   Did you have a concern that Michelle
12 Skibinsky's recommendations were a retaliation for
13 the complaints that Latoya Thompson had filed?
14   A   When I reviewed the recommendation and
15 prior to the actual day of decision to agree, it
16 was purely based on performance that was provided,
17 information provided to me and prior discussions
18 with Michelle Skibinsky. I believe I had
19 conversations with Kerryanne Holliss. My recall
20 is that I was involved in discussions with Michael
21 Polk and others about Latoya's overall
22 performance.
23   Q   Are you aware that Michael Polk
24 sphere-headed a formal version of harassment and

