**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

LETTER ORDER

December 11, 2019

*To all counsel of record via ECF*

**Re:  Latoya Thompson v. Liberty Mutual Insurance Company**
      **Civil Action No.: 18-6092 (MCA) (JAD)**

Dear Counsel:

This will address Plaintiff's informal application to compel Defendant to produce certain information in discovery. (ECF No. 30). The parties submitted their positions on Plaintiff's application in a joint letter to the Court, (id.), and, pursuant to the Court's Order, submitted supplemental letter briefing on specific issues. (ECF Nos. 35, 36). Upon careful consideration of the parties' submissions and arguments, and for the reasons set forth below, Plaintiff's application to compel is **DENIED**.

Plaintiff brings this action against Defendant, her former employer, for employment discrimination and retaliation in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1 et seq. (See generally Compl., ECF No. 1-1). As the Court writes primarily for the parties, who are familiar with Plaintiff's application and the nature of the particular discovery demands at issue, the Court will dispense with a more detailed factual and procedural recitation and will move directly to addressing the parties' disputes.

First, Plaintiff seeks formal performance evaluations, counseling and discipline notices, and performance improvement plans for nine of Defendant's employees who had been or were scheduled to be deposed. (ECF No. 30 at 1; Ex. C, ECF No. 30). Plaintiff argues that the requested discovery is necessary to challenge the credibility of Defendant's witnesses, (ECF No. 30 at 2), as they were asked during their depositions about their personal evaluation ratings and the criteria for those ratings in order to compare them to Plaintiff's personal evaluation ratings. (ECF No. 36 at 1). Plaintiff also argues that the requested discovery is relevant to whether those employees were evaluated based on their supervision of Plaintiff or Plaintiff's supervisors. (Id.).

The Court finds Plaintiff's position unavailing. While courts generally find that requests for entire personnel files are impermissibly broad, courts may permit narrowly tailored requests for documents within a personnel file if the documents contain information relevant to the claims or defenses in the action. See Hashem v. Hunterdon County, No. 15-8585 (FLW) (DEA), 2017 WL 2215122, at *3 (D.N.J. May 18, 2017); Prof'l Recovery Servs., Inc. v. Gen. Elec. Capital Corp., No. 06-2829 (JBS), 2009 WL 137326, at *4 (D.N.J. Jan. 15, 2009). "The party seeking discovery bears the burden of showing that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." Santiago v. N.Y. and N. J. Port Auth., No. 11-4254 (WJM), 2015 WL 1107344, at *3 (D.N.J. Mar. 11, 2015) (citing Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000)).

Here, though Plaintiff limits her document request to formal performance evaluations, counseling and discipline notices, and performance improvement plans of the nine employees she deposed or will depose, Plaintiff fails to demonstrate the relevancy of the information to her claims. These employees are not parties to this litigation, nor are they comparators to Plaintiff. In its supplemental letter brief, Defendant identifies each of the nine employees' names, job titles, and job duties. (ECF No. 35 at 2-3). Of the nine employees, three were Plaintiff's direct supervisors during

2

certain time periods. (Id. at 2). The other six employees include a supervisor of the direct supervisors, a Vice President and Manager of Business Insurance, a Manager in the Human Resources Department, a Principal Generalist in the Human Resources Department, and a Vice President and Manager of Employee Relations and Human Resources Services. (Id. at 2-3). As Plaintiff fails to show the relevancy of the employees' formal performance evaluations, counseling and discipline notices, and performance improvement plans, Plaintiff's request for this discovery is **DENIED**.

The Court next addresses Plaintiff's request for "any and all investigation reports, based on formal complaints by Plaintiff, including statements, notes and documents relied on, regarding actions taken as a consequence of the investigation." (ECF No. 30 at 3). Defendant maintains that it produced all relevant and responsive documents to Plaintiff's requests, except for those documents protected by attorney-client privilege. Defendant identifies a document known as the Allegation Analysis Chart as a document that may pertain to Plaintiff's request but was otherwise withheld as an attorney-client privileged communication. (ECF No. 35 at 4).

Under New Jersey law, "confidential communications between a client and his attorney in the course of a professional relationship are privileged."[1] O'Boyle v. Borough of Longport, 94 A.3d 299, 309 (N.J. 2014) (citing N.J. Stat. Ann. § 2A:84A-20). "The benefit of the attorney-client privilege extends to a corporation or other organization or association, 'which must act through agents, including [its] officers and employees.'" Hedden v. Kean Univ., 82 A.3d 238, 244 (N.J. Super. Ct. App. Div. 2013) (quoting United Jersey Bank v. Wolosoff, 483 A.2d 821, 825 (N.J. Super. Ct. App. Div. 1984)). "The privilege, therefore, belongs to the institution and covers confidential

---

[1] This case is in federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a). "When federal jurisdiction is based on diversity, courts are to decide issues of privilege based on state law." Margulis v. Hertz Corp., No. 14-1209 (JMV), 2017 WL 772336, at *4 n.2 (D.N.J. Feb. 28, 2017) (citation omitted). Therefore, the Court will apply New Jersey privilege law in this case.

3

communications between the entity's attorneys and its employees," including mid or low-level employees who, within the scope of their employment, communicate with the institution's attorney for the purposes of aiding counsel in providing legal advice. Id. (citing Upjohn Co. v. United States, 449 U.S. 383, 391 (1981)). The entity or person asserting the privilege bears the burden of establishing its applicability to the communication in question. Id. at 245.

Here, Defendant maintains that an in-house attorney, one who works within a group called the Employment Law Group, directed a Human Resources Manager to prepare the Allegation Analysis Chart so that the in-house attorney "could provide her legal assessment" based on the information contained therein. (ECF No. 35 at 4). The in-house attorney and the Employment Law Group then use and maintain the Allegation Analysis Chart "for [their] own legal analysis of potential claims" and to make legal recommendations for the benefit of Defendant. (Id.). Based on Defendant's representations, the Court is satisfied that the Allegation Analysis Chart is an attorney-client privileged communication and that it was properly withheld on this basis. Accordingly, Plaintiff's request for this discovery is **DENIED**.

Based on the foregoing, it is on this 11th day of December, 2019,

**ORDERED** that Plaintiff's informal application to compel Defendant to produce certain discovery, (ECF No. 30), is **DENIED**; and it is further

**ORDERED** that a telephone status conference is set for **January 10, 2020 at 2:00 p.m.** Plaintiff's counsel shall coordinate the call to chambers at 973-645-2580.

**SO ORDERED**

_____
JOSEPH A. DICKSON, U.S.M.J.

cc: Hon. Madeline Cox Arleo, U.S.D.J.

4