Law Offices of

# Brian M. Cige

Attorney at Law

Brian M. Cige •

E-Mail: CigeLaw@gmail.com

Website: www.cigelaw.com

Reply to:  Somerville

7 East High Street
Somerville, New Jersey 08876
Phone - (908) 685-3775
Fax - (908) 685-2274

475 Wall Street
Princeton, New Jersey 08540
(By Appointment Only)

• Admitted:
State of New Jersey
Commonwealth of
 Pennsylvania
U.S. District Court for the
 District of New Jersey
U.S. Court of Appeals for
 the Third Circuit
Supreme Court of the
 United States of America

17 January 2020

Hon. Joseph A. Dickson, U.S.M.J.
United States District Court, New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

RE:   Thompson vs. Liberty Mutual Insurance
            Docket No. 2:18-cv-06092-MCA-JAD

Dear Judge Dickson:

    Thank you again for allowing Plaintiff the opportunity to submit this correspondence, timely by today, to supplement her argument for the providing of investigation reports and supporting documents prepared during Liberty Mutual's investigation of formal complaints lodged… but not provided based on a claim of alleged attorney-client privilege.  Defendant has responded that this information is protected because it is and "Allegations Analysis". The following will convince that this characterization serves only to prevent the disclosure of otherwise discoverable factual information.  Further our telephone conference, I am limiting attachments to relevant portions of deposition testimony given by Michael Polk on 11 April 2019 and one referenced email.

    Mr. Polk testified that he has been employed by Defendant in various H.R. capacities since 2012, and currently (P11, L9-22; P12, L3-6; P12, L25; P13, L3; P13, L15-18).

    He testified he has investigations training (P21, L15-16) on harassment and discrimination in the workplace, between 3 to 5 or 6 times (P22, L12-14; L 20-25); and that he  has been involved in hundreds of investigations (P 54, L14 – P55, L19).

He first had a face to face with Plaintiff in 2016; the purpose was to discuss concerns she experienced including that her Manager was treating her differently from others; and phone conversations [before and after, about same] (P28, L10-15; L22-23; P29, L5-6; L14-16).

When asked whether Plaintiff communicated she felt discriminated against, he testified "I don't remember." (P30, L17-23).

Nor did he recall if Plaintiff had told him she had filed an EEO complaint (P59, L23 – P60, L1); while noting that no one at Defendant has the title of EEO Officer or Affirmative Action Officer (P 66, L3-11)

After meeting with Plaintiff, he conducted follow up meetings with Michelle Skibinsky, about whom Plaintiff filed a formal complaint (P35, L11-20).

When asked questions about Plaintiff's complaints, he would not answer (P40, L10-23).

As part of his investigation, he also spoke with two Human Resources employees: his subordinate, Laura Close and H.R. Specialties, and Ginny Bennett, a Principal H.R. Generalist (P42, L1-5; L12-17; P42, L22 - P43 L1).

He testified that Ms. Bennett interviewed Plaintiff about her concerns (P44, L5-8); and, that Ms. Close interviewed Michelle Skibinsky (P44, L19-20).

Mr. Polk testified that these interviews were 'written up" and provided to him (P45, L9-23)… and that he met with Plaintiff as part of investigation (P47, L10-12).

He further testified that after receiving the statements, he consulted with Latisha Flemming of Employee Relations about Plaintiff's concerns (P48, L13-24).

<u>When asked pointedly whether he wrote up an investigation report, he responded "yes"</u>  (P52, L1-3).

He testified that thereafter he met with Plaintiff and provided the conclusion of his investigation (P53, L5-10; P68, L16; P69, L5).

When asked about whether an investigation took place regarding a *prior* Complaint by Plaintiff about Debra Holt, a former Supervisor, he testified that he did not recall if there was such an investigation.  (P112, L6 – P113, L5); nor did not know if the complaint against Michelle Skibinsky noted the prior complaints against Debra Holt (P113, L6-13).

What is clear is that a formal complaint was initiated through him by Plaintiff about Michelle Skibinsky (P114, L10-21); this was in writing, by email, Bates Nos. LIB_ESI_0984 – 0989 (attached).

In conclusion, Mr. Polk testified "yes" when asked whether he wrote up an investigation report. Same has been sought by Plaintiff but refused by Defendant under the purported characterization of these as attorney-client privilege documents. But doing so transparently undermines the purpose for producing otherwise ordinary and factual discovery. The Court should require that <u>all</u> investigation reports *and* supporting documents consequent to formal complaints by Plaintiff, about harassment, discrimination and/or retaliation, be promptly provided.

Thank you again for your continuing judicial attention to this matter, and in advance for your decision in this regard.

                                              Respectfully submitted,

                                              /s/ BRIAN M. CIGE
                                              BRIAN M. CIGE, ESQ.
                                              *Attorney for Plaintiff*

BMC/ac
enc.
c:  Steven Luckner, Esq. (via ECF)
     Client (via email w/enc.)